UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

WILLIE JAMES, JR., et al.,

        Plaintiffs,

                      **Hon. Hugh B. Scott**

                        04CV524

        v.

                        **Report**
                        **&**
                        **Recommendation**

MONROE COUNTY JAIL,
MALDONADO,

            Defendants.

Before the Court is the Complaint (Docket No. 1) by now nine <u>pro se</u> inmates (or former inmates) of the Monroe County Jail (the "Jail"), complaining about conditions in the Jail in April to July of 2004. This matter was referred to the undersigned for pretrial disposition by Judge Elfvin (Docket No. 27).

## BACKGROUND

At the time of the filing of the Complaint, plaintiffs were inmates in the Jail who resided in the second floor of that facility. They allege that defendants did not repair sinks on the second floor, depriving plaintiffs of water each evening and night from April 1 through July 14, 2004 (the date of the Complaint), from 9:45 pm to 7 am the next morning. (Docket No. 1, Compl. at page 5.) They, however, do not discuss their access to water during daytime hours while within the Jail. Plaintiffs allege that they grieved this claim to no avail by orally complaining to defendant Superintendent Maldonado, who did not respond to their complaint. (<u>Id.</u>) They allege

that the failure to repair their cell sinks constituted cruel and unusual punishment under the Eighth Amendment and was a failure to protect them. They seek monetary damages, more humane conditions, and an adequate water supply (id. at 5, 6, 7).

Plaintiffs were granted in forma pauperis status to proceed with this action (Docket No. 16), with the Court eliminating two of the original inmate plaintiffs for their failure to file acknowledgment or pay their share of the filing fee.[1] The Court, however, did not make an evaluation of the whether the action was frivolous, malicious, or failed to state a claim on which relief may be granted. Cf. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Defendants, the Monroe County Jail and the jail superintendent Maldonado, answered (Docket No. 23; see also Docket No. 29, Amended Ans.).

The Court invited defendants to move for summary judgment on the grounds of the failure of plaintiffs to exhaust their administrative remedies (Docket No. 30). See Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). Defendants wrote to the Court on January 18, 2005, stating that issues of fact precluded their filing of a summary judgment motion on PLRA grounds. The Court then issued a Scheduling Order (Docket No. 33).

**DISCUSSION**

I.    PLRA Standard

The PLRA also provides a mechanism for dismissal of frivolous or meritless inmate § 1983 actions. Subparagraph (c) provides:

> "(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised

---

[1] Larry Majors, another original plaintiff, was given leave to withdraw his claim without prejudice (Docket No. 17).

> Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility <u>if the court is satisfied that the action</u> is frivolous, malicious, <u>fails to state a claim upon which relief can be granted</u>, or seeks monetary relief from a defendant who is immune from such relief.
> "(2) In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."

42 U.S.C. § 1997e(c) (emphasis added).  Thus, the Court, on its own may determine whether plaintiffs allege a cause of action regardless of whether they exhausted whatever administrative remedies they had in the Jail.

Plaintiffs' make their claim under the Eighth Amendment, but plaintiffs were pretrial detainees in the Jail.  No one alleged that they were in the Jail awaiting transfer to state custody following conviction.[2]  The Eighth Amendment does not apply to pretrial detainees. <u>City of Revere v. Massachusetts Gen. Hosp.</u>, 463 U.S. 239, 244 (1983); <u>Harrison v. Ienuso</u>, No. 92 Civ. 6051, 1995 U.S. Dist. LEXIS 8616, at *4 (S.D.N.Y. June 23, 1995) (dismissing claim under Eighth Amendment).  Since they were not convicted of an offense, plaintiffs were not being punished and their claim is not governed by the Eighth Amendment's ban against cruel and unusual <u>punishment</u>.  See <u>Bell v. Wolfish</u>, 441 U.S. 520, 535-37 (1979); <u>Weyant v. Okst</u>, 101 F.3d 845, 856 (2d Cir. 1996).  Their claims, however, are analyzed under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, with prison condition claims analyzed under a standard similar to that of the Eighth Amendment.  See <u>Weyant</u>, <u>supra</u>, 101 F.3d at 856; <u>Bourdon v. Roney</u>, No. 99CV769, 2003 U.S. Dist. LEXIS 3234, at *28-29, *31 (N.D.N.Y.

---

[2]Even if any of the plaintiffs were convicted and in the Jail awaiting transfer to state custody, as discussed below, they still fail to state an Eighth Amendment claim.

Mar. 6, 2003) (Sharpe, Mag. J.) (recommending granting defendants summary judgment dismissing plaintiff's condition of confinement claim).  As an Eighth Amendment claim, it is recommended that this claim be **dismissed** for failing to state a claim.  See Harrison, supra, at *4.

Since plaintiffs are proceeding pro se, the Court will give them latitude and construe their claim under the Due Process Clause.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Charron v. Medium Security Inst., 730 F. Supp. 987, 994 (E.D. Mo. 1989) (citing Wolfish, supra, 441 U.S. at 535 n.16).  The source of the right differs, but the substance of the right for purposes of this case is similar.

"In evaluating the constitutionality of conditions or restrictions on pretrial detainees, the proper inquiry is whether those conditions amount to punishment of the detainee or otherwise violate the Constitution."  Charron, supra, 730 F. Supp. at 994; Wolfish, supra, 441 U.S. at 535-37; see Albro v. Onondaga County, 681 F. Supp. 991, 994 (N.D.N.Y. 1988) (jail overcrowding may constitute punishment, citation omitted).  "If pretrial detainees are subjected to restrictions and privations other than those inherent in their confinement itself or which are justified by compelling necessity of jail administration, this is a violation of the due process clause of the fourteenth amendment."  Charron, supra, 730 F. Supp. at 994; Aherns v. Thomas, 434 F. Supp. 873, 897-98 (W.D. Mo. 1977).  The Due Process Clause proscribes any punishment of a pretrial detainee.  Redman v. County of San Diego, 942 F.2d 1435, 1440 n.7 (9th Cir. 1991).  "The [Wolfish] Court held that absent a showing of an expressed intent to punish, whether a restriction constitutes punishment generally turns on whether it is rationally connected to a legitimate governmental purpose and whether the restriction appears excessive in relation to that purpose. Wolfish, 441 U.S. at 538."  Harrison, supra, at *5 n.3.

II.     Jail Conditions Claim

In <u>Harrison</u>, the inmate plaintiff complained about the lack of light and running water in his cell that he was assigned to for one day, which the court construed as either an Eighth Amendment or Due Process Clause claim. The <u>Harrison</u> court found that "'[t]he Constitution only requires that prisoners not be subjected to conditions so uninhabitable as to be shocking,' <u>Williams v. Ward</u>, 567 F. Supp. 10, 15 (E.D.N.Y. 1982), and plaintiff has not set forth facts sufficient to support a claim of deprivation that would amount to punishment." <u>Harrison</u>, <u>supra</u>, at *6. The complaint there, as this one at bar, made only a general allegation of the lack of water without discussing whether alternative fluids were provided. <u>Id.</u> The court concluded that, while unpleasant, the privations alleged were de minimis and not of constitutional magnitude to state a due process violation. <u>Id.</u>

The United States District Court for the Southern District of New York dealt with a similar inmate claim in <u>Johnson v. Commissioner of Correctional Services</u>, 699 F. Supp. 1071 (S.D.N.Y. 1988). The inmate there complained that a pipe necessary for him to gain water from his sink was removed (with contraband found in his cell) and he was returned to that cell without access to water for one week before being transferred to another cell. <u>Id.</u> at 1073. The court noted the standard for evaluating an inmate plaintiff's complaint on a failure to state a claim basis. "The Second Circuit has held that 'a prisoner's complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' See <u>Maggette v. Dalsheim</u>, 709 F.2d 800, 803 (2d Cir. 1983). Here defendant alleges violations of his Eighth Amendment rights. For the purposes of this motion the Court accepts plaintiff's version of the facts, <u>see</u> <u>supra</u>, note 2

5

[denying declaring an appeal to be frivolous under 28 U.S.C. § 1915], but even under that set of facts plaintiff's claim does not rise to the level of an Eighth Amendment violation." Johnson, supra, 699 F. Supp. at 1073-74.

The Johnson court then discussed the Eighth Amendment substantive standard that inmate plaintiffs need to allege. "In order to make out a section 1983 claim for a violation of a prisoner's Eighth Amendment rights, the relevant action must constitute 'an unnecessary and wanton infliction of pain,' or be 'repugnant to the conscience of mankind.' Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). At a minimum, there must be ' "at least some allegation of a conscious or callous indifference to a prisoner's rights."' Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982), cert. denied, 464 U.S. 932 (1983), quoting Wright v. El Paso County Jail, 642 F.2d 134, 136 (5th Cir. 1981)." Johnson, supra, 699 F. Supp. at 1074; but see LaReau v. MacDougall, 473 F.2d 974, 978 (2d Cir. 1972) (imprisonment in strip cell, without sink, water faucet or commode, fell "below irreducible minimum of decency" under the Eighth Amendment, objecting mostly to the use of the "Chinese toilet" and having the inmate live next to his bodily waste). Johnson held that plaintiff's conditions of confinement were not cruel and unusual punishment, granting (in part) defendants' motion for summary judgment. 699 F. Supp. at 1074. The court found the fact of plaintiff being deprived of water in his cell for one week did "not rise to the level of an Eighth Amendment violation." Id.

In this case, plaintiffs argue that they allege an Eighth Amendment cruel and unusual punishment claim from defendants' failure to repair sinks in their cells during evening and night hours for up to four months. They do not allege whether defendants provided other sources of potable water to them or offered to reassign them to cells which had working sinks. These

allegations, however, fail to state a claim. While not losing their sinks for punitive reasons as the inmate in <u>Johnson</u>, the result is the same. Plaintiffs do not allege that defendants imposed or maintained the condition in their cells maliciously in wanton disregard of plaintiffs' rights, <u>see also</u> <u>LaReau v. Manson</u>, 383 F. Supp. 214, 219 (D. Conn. 1974) (denying inmate plaintiffs punitive damages), or that the confinement was the product of punishment by defendants or Jail officials. As with <u>Harrison</u> and <u>Johnson</u>, the deprivation of working sinks during evening hours for the weeks alleged, while uncomfortable and unpleasant, was de minimis and constitutionally insignificant. This case differs from those where the conditions alleged were far worse and the courts held that the plaintiffs at least alleged due process or cruel and unusual punishment claims. <u>Cf.</u> <u>Walton v. Fairman</u>, 836 F. Supp. 511 (N.D. Ill. 1993) (allegations of rat and mice bites, nest of rats and mice in plaintiff's cell for over one month survives motion to dismiss); <u>Kyle v. Allen</u>, 732 F. Supp. 1157 (S.D. Fla. 1990) (allegations of overflowing toilets, spoiled food on cell floor, blood on walls, plaintiff denied permission to clean cell, bad odors in cell without adequate ventilation shows deprivation of basic hygiene in violation of Eighth Amendment).

    At the worst, plaintiffs allege that they were deprived of water from their sinks in evenings and at night for four months, without alleging the harm to not having water during that brief period of the day or that defendants intentionally or willfully deprived them. Thus, plaintiffs fail to state a claim under either the Eighth Amendment or the Fourteenth Amendment's Due Process Clause and this claim should be **dismissed**.

III.	Failure to Protect Claim

Plaintiffs allege that defendants failed to protect them apparently by not repairing the sinks in plaintiffs' cells. "For a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The deprivation must be sufficiently serious and the prison official's acts or omissions must result in the denial of minimal "'the minimal civilized measure of life's necessities.'" Id. (citation omitted). These cases usually involve allegations that defendant prison officials failed to protect the plaintiff inmate from assaults by other inmates. See id. This is a distinct allegation from depriving plaintiffs of the means to maintain their personal hygiene.

Here, plaintiffs essentially are alleging that their personal hygiene was jeopardized by defendants' failure to repair their sinks. Assuming this constitutes defendants' failure to protect, plaintiffs do not allege (as discussed above in the jail conditions discussion) that they faced a substantial risk of serious harm (much less the serious harm posed in typical failure to protect cases of physical injury from other inmates). They also do not allege that defendants were deliberately indifferent to plaintiffs' needs for protection, cf. Farmer, supra, 511 U.S. at 834, or for maintaining their hygiene. Plaintiffs only allege deprivation of working sinks during evening and night hours without discussing their ability to maintain their hygiene (for example) during morning or other times of the day.

8

## CONCLUSION

Based upon the above, it is recommended that the Complaint in this action (Docket No. 1) be **dismissed** for failure to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1997e(c).

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report and Recommendations to all parties.

**ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIC TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provision of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

s/HBS<br>
Hon. Hugh B. Scott<br>
United States Magistrate Judge

Dated: Buffalo, New York
      February 1, 2005