UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIE JAMES, JR., 225868,<br>JEREMY JOHNSON, 261091,<br>TORRENCE DYCK, 233298<br>CHARNELL MOSLEY, 226007,<br>JERMALE MASON, 239296,<br>LAVAR GREEN, 201070,<br>MICHAEL BELL, 203430,<br>TERRY WILSON, 200324, and<br>JORGE F. PETERSON, 288638,<br><br>               Plaintiffs,<br>-vs-<br><br>MONROE COUNTY JAIL and<br>MALDONADO, Superintendent,<br><br>               Defendants. | 04-CV-0524E(Sc)<br><br><br><br><br><br>MEMORANDUM<br><br>and<br><br>ORDER[1] |

This action was commenced on July 19, 2004 by inmates[2] of Monroe County Jail who allege that the existence of one condition at the Jail — specifically the lack of water from sinks in their cells from 9:45 p.m. to 7:30 a.m. for a period of over four months — constituted cruel and unusual punishment. Plaintiffs, proceeding *pro se*, contend that the existence of the condition and defendants' failure to remedy the condition violated their rights to be free from cruel and unusual punishment and their right to be protected by defendants. Defendants filed an Answer on December 10, 2004 and an Amended Answer on December 29,

---

[1] This decision may be cited in whole or in any part.

[2] The action was initially commenced by twelve inmates, but three have since been dismissed, leaving the nine named plaintiffs.

2004. The matter was referred to United States Magistrate Judge Hugh B. Scott on December 13, 2004 for the purposes of supervising discovery and other pre-trial matters.

On January 4, 2005 Judge Scott invited defendants to move for summary judgment pursuant to the Prisoner Litigation Reform Act, 42 U.S.C. §1997e *et seq.*, on the basis of plaintiffs' failure to exhaust their administrative remedies. Defendants declined to do so, citing disputed issues of material fact.[3] Thereafter, *sua sponte*, Judge Scott on February 1, 2005 issued a Report and Recommendation (the "R&R") concluding that the Complaint failed to state a claim for relief and should be dismissed pursuant to 42 U.S.C. §1997e(c). On February 7, 2005 plaintiff Mosley filed objections to the R&R arguing that plaintiffs had sufficiently exhausted their administrative remedies by filing a written grievance — albeit not on a grievance form as such — addressed to defendant Maldonado and by orally complaining to various corrections officers. *See* Mosley Objections at 1-2. Mosley also argues that the corrections officers to whom the inmates complained told them that the condition was not grievable and that the "water situation would be resolved." *Id*. at p. 1. On February 22, 2005 plaintiff James filed a document styled a "response" to the R&R, which document in fact sets forth objections to

---

[3]The Report and Recommendation issued by Judge Scott on February 1, 2005 references a letter from defendants' counsel in which he declines to file a summary judgment motion but no such letter has been docketed on the Court's electronic case filing system.

the R&R.[4] In the objections, James contends generally that the lack of water from his sink is unconstitutional. Defendants' response thereto filed on March 11, 2005 indicated defendants' agreement with the R&R and did not address plaintiffs' objections. The objections were deemed submitted on the papers without argument on April 11, 2005.

In reviewing an R&R, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1)(C). The district court reviews *de novo* the portions of an R&R to which *specific* objections have been filed. *See* 28 U.S.C. §636(b)(1)(A). Where a party files only general or conclusory objections, the court reviews the R&R for clear error. *See Martinez* v. *Senkowski*, 2000 WL 888031, at *3-*4 (N.D.N.Y. 2000); *Brown* v. *Peters*, 1997 WL 599355, at *2- *3 (N.D.N.Y. 1997), *aff'd without op.*, 175 F.3d 1007 (2d Cir. 1999) (stating that where only general objections are made to an R&R, court need only review for clear error). If a party fails to object to a portion of an R&R, further review is generally precluded. *See Mario* v. *P&C Food Mkts. Inc.*, 313 F.3d 758, 766 (2d Cir. 2000) (citing *Small* v. *Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)). Here, Mosley's objections are not

---

[4] With a filing date of February 22, 2005 James's objections would ordinarily be considered untimely filed. However, in order to be filed on February 22, James must have submitted his objections for mailing prior to that date. In fact, the pleading bears the date of February 1, 2005. Pleadings of incarcerated litigants are considered filed as of the date they are submitted to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-271 (1988). Furthermore, even if James's objections were not timely on the date he submitted them for mailing, in light of James's *pro se* status and the *sua sponte* nature of the dismissal, it is appropriate for the Court to consider the objections.

relevant to the basis on which the Magistrate Judge recommended that the Complaint be dismissed. James argues only in a general and conclusory fashion that a Constitutional violation has occurred. As no specific objections have been filed, the Court reviews the R&R for clear error.[5]

"The task of the court in ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Cooper* v. *Parsky*, 140 F.3d 433, 440 (2d Cir. 1998) (internal citation and quotation omitted). On a motion to dismiss, the Court should accept all factual allegations in the complaint as true, and draw all inferences in favor of the non-moving party. *See Courtenay Communications Corp.* v. *Hall*, 334 F.3d 210, 213 (2d Cir. 2003); *see also Patel* v. *Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 1999). "The court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle [the plaintiff] to relief." *Patel*, at 126.

The factual allegations of the Complaint in their entirety are as follows:

"First Claim: On 4-1-04 – 7-14-04 defendant Maldonado Superintendent at Monroe County Jail did the following to me: Failed to fix the sinks inside inmates['] cells on the second floor. Numerous complaints were made to the ["]floor corporals["] about the broken sinks. Inmates are in a dry environment with no water supply from 9:45 p.m. until 7:30 a.m. This issue was grieved directly

---

[5] Even upon *de novo* review, the Court would reach the same conclusions.

>to Supt. Maldonado on 6-7-04. He failed to acknowledge the grievance and did not respond. Inmates still do not have water.
>
>"The constitutional basis for this claim under 42 U.S.C. § 1983 is: prison conditions/ cruel and unusual punishment; failure to protect."

Compl. at 8. Assuming the truth of plaintiffs' allegations, the condition complained of is limited to the lack of running water from inmate cell sinks on the second floor between the hours of 9:45 p.m. and 7:30 a.m.

As a preliminary matter, the Magistrate Judge concluded that plaintiffs failed to state a claim for violation of their Eighth Amendment rights because the Eighth Amendment applies only to convicted inmates and plaintiffs are pre-trial detainees. *See R&R*, at 3. Instead, the Magistrate Judge analyzed plaintiffs' claims under the Due Process Clause of the Fourteenth Amendment. The Magistrate Judge is correct in that the Eighth Amendment's prohibition of cruel and unusual punishment applies only to those convicted of an offense and thus subject to punishment. *See City of Revere* v. *Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983). However, his conclusion that the Eighth Amendment is inapplicable to plaintiffs is based on the faulty assumption that all plaintiffs are pre-trial detainees. The Complaint is silent as to plaintiffs' pre-trial or post-conviction status and the Court will not presume their status to be that of pre-trial

detainees based on their failure to allege otherwise. Moreover, the distinction is unnecessary in light of the fact that plaintiffs fail to state a claim under either the Eighth or Fourteenth Amendment.[6]

In order to constitute a violation of the Eighth Amendment's prohibition of cruel and unusual punishment, the condition complained of must constitute "an unnecessary and wanton infliction of pain" or be "repugnant to the conscience of mankind." *Estelle* v. *Gamble*, 429 U.S. 97, 105-06 (1976). In other words, the condition must constitute a denial of the "minimal civilized measure of life's necessities." *Farmer* v. *Brennan*, 511 U.S. 825, 834 (1994) (internal citation and quotation omitted). In addition, plaintiffs must allege facts demonstrating that the person responsible for the conditions acted with deliberate indifference. *See ibid*. Such deliberate indifference exists if the prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, at 837.

The Due Process Clause of the Fourteenth Amendment, on the other hand, protects pre-trial detainees from any form of "punishment." *Bell* v. *Wolfish*, 441 U.S. 535, 520 (1979) ("[T]he proper inquiry [under the Fourteenth Amendment] is whether those conditions or restrictions amount to punishment of the detainee."). As a result, the protections afforded to pre-trial detainees under the Fourteenth

---

[6] In the Complaint, plaintiffs also allege a "failure to protect." Based on the Complaint, the only thing plaintiffs seek protection from is the condition with regard to the lack of running water in the sinks in their cells. Thus plaintiffs' Complaint is properly analyzed as alleging only one constitutional violation.

Amendment are at least as great as those afforded to convicted inmates under the Eighth Amendment.  *See Bryant* v. *Maffucci*, 923 F. 2d 979, 983 (2d Cir. 1991); *McFadden* v. *Solfaro*, 1998 WL 199923 (S.D.N.Y. 1998).

Lack of access to running water, by itself, does not constitute the denial of the minimal civilized measure of life's necessities.  *See Johnson* v. *Comm'r of Corral. Servs.*, 699 F. Supp. 1071, 1074 (S.D.N.Y. 1988) (plaintiff confined for one week in a cell with an inoperable sink did not suffer a Constitutional violation because he was provided drinks with meals); *see also Castro* v. *Chesney*, 1998 WL 767467, at *4 (E.D. Pa. 1996) (no Constitutional violation where plaintiff placed in a "dry cell" without running water for several days, given water "sometimes" when he asked for it and water was turned on every other day so he could wash his face and brush his teeth); *Broomfield* v. *Allen County Jail*, 2005 WL 1174123, at *2 (N.D. Ind. 2005) (no Constitutional violation where pretrial detainee was deprived of running water to wash his face or brush his teeth for six days because he was not denied water altogether); *Calhoun* v. *Wagner*, 1997 WL 400043, at *4 (E.D. Pa. 1997) (pretrial detainee deprived of running water for 61 hours did not suffer a Constitutional violation because he was provided with fluids three times daily).

Here, plaintiffs allege only that they lacked access to running water from their cell sinks for several hours during the night.  There is no allegation that they lacked all access to water during the night, or that they lacked access to water

at any time during the day, or that they lacked toilet facilities during the day or during these night-time hours. There is no allegation that they lacked adequate showering opportunities or other means of maintaining personal hygiene. Finally, there is no allegation that defendants deliberately deprived them of water, and no allegation that they suffered any harm other than inconvenience.[7]

The Court therefore concludes that plaintiffs' allegations, and all reasonable inferences that may be drawn in their favor, fail to state a claim for violation of either the Eighth or Fourteenth Amendment.

Accordingly, it is hereby **ORDERED** that plaintiffs' Complaint is therefore dismissed without prejudice and, in light of the plaintiffs' *pro se* status and the *sua sponte* nature of the dismissal, plaintiffs' are granted leave to replead their Complaint until September 30, 2005.

DATED:   Buffalo, N.Y.

   August 22, 2005

                                          */s/ John T. Elfvin*
                                          JOHN T. ELFVIN
                                          S.U.S.D.J.

---

[7] In his objections, James asserts that the harm suffered by the inmates includes "dehydration, dry and sore throat under humid conditions." James's Objections at 1. Even if the Court could consider the facts James alleges in his objections, the claim of dehydration is countered by James's own admission in the same document that drinking water was available, albeit allegedly served out of a "picnic cooler." *See ibid*.